Judge Owsley
delivered the opinion of the Court.
This is an appeal from a judgment rendered against Webber and Stith, on the trial of on ejectment brought by them, to recover the possession of land in the county of Breckenridge.
The title under which they claim the land, was, on the trial in the circuit court, attempted to he derived through a sale made of the land by the sheriff of Breckenridge county, in virtue of an execution to him directed, and a deed of conveyance made for the land by the sheriff to Webber and Stith, who were the purchasers at the sale; but it was made to appear to the court, that two courts had been holden for the county of Breckenridge between the time the execution came to the hands of the sheriff and the day on which the land was sold, and that there were more than twenty days between the time of holding the first court and the sale, and lesa than ten days between the sale and the time of holding the other court, so that it was evident that in making sale of the land, the sheriff could not have complied with the requisitions of law in advertising the time and place of sale on some court day, not more than twenty, nor less ten days from the day of sale. The circuit court being of opinion, that this default of the sheriff, in not advertising the sale according to law vitiated the sale, instructed the jury that the purchasers, Webber and Stith, through the sale and deed of conveyance made to them by the sheriff, derived no title to the land and the only question presented for the revision and decision of this court, involves the correctness of that instruction.
The instruction of the court does not accord with our understanding of the correct doctrine of the law. It no doubt forms part of the official duty of sheriff’s to give due and legal notice of the time fixed for making sale of lands, or oilier property tak *111 en in execution by them, and for any injury which may be sustained by others by their failure to do so, the law must be understood to afford redress to the party aggrieved. But it does not thence follow that the puri baser at such a sale by the sheriff, does not take a good title to the property sold. To the contrary, the provisions of the act of the Legislature, with respect to notice of the time and place of sale, have been decided to be directory to the officer having the execution, and that the departure from the directions of the law in that respect by the officer, does not per se vitiate the sale. It would indeed in most cases be out of the power of all those who mightbe disposed to buy at such sales, to ascertain and know whether or not the officer by whom the property is exposed to sale', has in every respect complied with the directions of the law, and if every failure on his part to do so was allowed to affect the sale, but few would risk to become purchasers at such sales, and the interest of both creditor and ddbtor would be greatly prejudiced. Hence the propriety of not making the purchaser look to a correct fulfilment of the duties prescribed by law to the officer, jn making sale of property taken under execution, and if any injury be sustained by the officer’s neglect to fulfil the directions of his duty, to leave the party sustaining the injury to his redress against him. We would not however be understood as deciding that in no possible case of such a sale can the property be reached in the hands of the purchaser.
Where the °y ofa^gross" fraud, and the purchaser sale maybe annuledf
The officer may be guilty of such a palpable violation of duty in departing from the directions of the law, as to convict him of gross fraud in making the sale, and it is not intended to say, that the land sold might not, in such a case, be reached in the hands of the purchaser with knowledge of the fraud. But it is the fraud of the officer and purr chaser that in such a case vitiates the sale, and the omissions of duty on the part of the officer, and knowledge thereof by the purchaser, are adverted to for the purpose of establishing the fraud. The failure to advertise in strict conformity to the directions of Jaw, is not perse fraudulent. There may *112 be departures from the strict line of official duty, by the officer without a corrupt or fraudulent intent, and with a knowledge of such failure of duty on the part of the officer, the land may be purchased without turpitude of motive in the purchaser. In contests for the land purchased, therefore, the question must always be, not barely whether there was a failure in the officer to fulfil punctiliously the directions of the law, in advertising and making the sale, but whether in doing so fraud was intended by the officer and purchaser.. If then it be on the score of fraud only, that the right of the purchaser can be affected, it follows that in this case the instructions of the court below cannot be correct. For the instructions were not hypothecated upon the idea that any fraud had been committed in the sale of the land which was purchased by Webber and Stith, or if such an idea was entertained, the record furnishes no sufficient evidence to prove the fraud. It is apparent from the evidence, that the sheriff must, if he advertised the time of sale at all, have either not advertised at a court day, or if he did, he must have given more than twenty or less than ten days notice of the time of sale, and in either case the directions of the law were not fulfiled. But all this may be true, and yet the sheriff and purchaser, may both have had no corrupt motive, and we do not feel ourselves at liberty, from these facts, to presume that either of them intended a fraud upon the debtor, against whom the execution issued, or any other.
Hardin, for appellants.
Hence we think that the court should not have given the instructions to the jury. The judgment must be reversed with cost, the cause remanded to the court below, and further proceedings there had, not inconsistent with this opinion.